No. 89-602

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

WILLIAM E. KEMP,

      Plaintiff and Appellant,

  -v-

BIG HORN COUNTY ELECTRIC COOPERATIVE, INC.,
a Montana Corporation,

      Defendant and Respondent.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
               In and for the County of Big Horn,
               The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Robert C. Kelleher, Sr.; Kelleher Law Office; Butte,
          Montana

      For Respondent:

          James E. Torske; Kronmiller & Torske; Hardin,
Montana

Submitted on Briefs:  May 3, 1990

Decided:  September 18, 1990

Clerk

FILED

'90 SEP 18 AM 9 41

ED SMITH, CLERK
MONTANA SUPREME COURT

Filed:

Justice Fred J. Weber delivered the Opinion of the Court.

This appeal arises from an order of the District Court, Thirteenth Judicial District, Yellowstone County, Montana, granting defendant's motion for summary judgment. Plaintiff appeals. We affirm.

The sole issue on appeal is whether the District Court erred in granting summary judgment in favor of defendant.

Big Horn County Electric Cooperative Inc. (Big Horn) contracted with Swain and Morris Construction Company (S & W) for construction of a 69 KV line between Lodge Grass, Montana, and Hardin, Montana.

Plaintiff, William Kemp, was an employee and foreman for S & W on this project. On August 28, 1986, plaintiff was injured when the cables broke on a High Ranger bucket lift in which plaintiff was riding. The bucket turned upside down and plaintiff fell ten to twelve feet to the ground. Plaintiff had a safety belt but was not wearing it at the time of the accident.

Plaintiff filed a complaint against Big Horn alleging breach of a duty to furnish a safe place of employment; breach of a duty to furnish and require safety practices; and breach of a duty to comply with various safety codes. Plaintiff later amended the complaint to allege a breach of a non-delegable duty to comply with the Montana Scaffolding Act. Defendant filed a motion for summary judgment. After consideration of memoranda, depositions and exhibits, the District Court granted summary judgment in favor of

2

defendant, concluding that Big Horn did not retain control over the manner of work performed by S & W and had no duty in respect to plaintiff. It is from this order that plaintiff appeals.

Summary judgment is appropriate only if there are no genuine issues of material fact. See, Kelly v. Widner (1989), 236 Mont. 523, 526, 771 P.2d 142, 144:

> . . . a summary judgment is proper when it appears "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 10 Wright, Miller and Kane, Federal Practice and Procedure, section 2716, P. 643.
>
> . . .
>
> Initially the burden of proof must be carried by the moving party seeking summary judgment . . . However, where the record discloses no genuine issue of material fact, the burden of proof shifts to the party opposing the motion . . . Once the burden has shifted in this fashion, the party opposing the motion is held to a standard of proof about equal to that initially imposed upon the moving party under Rule 56(c), M.R.Civ.P. . . .

The general rule of contractor liability is that an employer is not liable for the negligence of an independent contractor or its employees. Micheletto v. State (Mont. 1990), No. 89-452, slip.op., ___ P.2d ___, ___, 47 St.Rep. ___, ___; Kemp v. Bechtel Constr. Co. (1986), 221 Mont. 519, 524, 720 P.2d 270, 274; Dvorak v. Matador Serv. Inc. (1986), 223 Mont. 98, 102, 727 P.2d 1306, 1308; Restatement (Second) of Torts § 409.

On appeal, plaintiff contends that three exceptions to this general rule apply in his case. First, plaintiff contends that Big Horn had non-delegable duties in respect to safety. Second,

3

plaintiff contends Big Horn retained control over the performance of work, creating a duty to S & W employees. Third, plaintiff contends the work was inherently dangerous, creating vicarious liability on the part of Big Horn. We will discuss each contention separately.

In Stepanek v. Kober Constr. (1981), 191 Mont. 430, 434, 625 P.2d 51, 53, we recognized that non-delegable duties may be created by contract. In addressing plaintiff's contention on this issue, we begin by examining relevant contractual language. The District Court found, and we agree, that the contract between Big Horn, the general contractor, and S & W, the subcontractor, placed no duty on Big Horn in regard to safety. The relevant sections of the contract pursuant to Article IV, "Particular Undertakings of the Bidder," provide:

> Section 1, Protection to Persons and Property. The Bidder [S & W] shall at all times take all reasonable precautions for the safety of employees on the work and of the public, and shall comply with all applicable provisions of Federal, State, and Municipal safety laws and building and construction codes, as well as the safety rules and regulations of the Owner [Big Horn]. All machinery and equipment and other physical hazards shall be guarded in accordance with the "Manual of Accident Prevention in Construction" of the Associated General Contractors of American unless such instructions are incompatible with Federal, State, or Municipal laws or regulations.

> The following provisions shall not limit the generality of the above requirements:

> . . .

> f. The Project, from the commencement of work to completion, or to such earlier date or dates when the Owner

> [Big Horn] may take possession and control in whole or in part as hereinafter provided shall be under the charge and control of the Bidder [S & W] and during such period of control by the Bidder [S & W] all risks in connection with the construction of the Project and the materials to be used therein shall be borne by the Bidder [S & W]. The Bidder [S & W] shall make good and fully repair all injuries and damages to the Project or any portion thereof under the control of the Bidder [S & W] by reason of any Act of God or other casualty or cause whether or not the same shall have occurred by reason of the Bidder's [S & W] negligence. The Bidder [S & W] shall hold the Owner [Big Horn] harmless from any and all claims for injuries to persons or for damage to property happening by reason of any negligence on the part of the Bidder [S & W] or any of the Bidder's [S & W] agents or employees during the control by the Bidder [S & W] of the Project or any part thereof.

Further, Construction Specifications, which were incorporated into the Contract at page CS-4, stated:

4.   Construction Safety Procedures

> The Contractor [S & W] will adhere to all safety practices as described by O.S.H.A. standards. Hard hat protection, eye, and hand protection are recommended. Any fines or requirements imposed by O.S.H.A., Workmen's Compensation, or any other authorized safety agency will be strictly the responsibility of the Contractor [S & W]. Construction safety is exclusively the responsibility of the Contractor [S & W]. The Contractor [S & W]shall develop and maintain for the duration of this contract a safety program that will effectively incorporate and implement all safety provisions. The Contractor [S & W]

5

shall appoint an employee who is qualified and authorized to supervise and enforce compliance with the safety program.

Based on the language of the contract, the District Court concluded that the contract placed the responsibility for implementation of the safety program and job safety on S & W. Although plaintiff contends that certain written policies of Big Horn imposed safety duties upon Big Horn, we agree with the District Court that these policies are irrelevant since they are not a part of the contract. Plaintiff's contention that the Montana Scaffolding Act placed duties upon Big Horn is likewise misplaced since S & W assumed the safety duties.

Plaintiff also contends that Big Horn had a non-delegable duty to provide him a safe place to work, citing the "Safe Place to Work Statute," § 50-71-201, MCA. This statute requires the general contractor to exercise reasonable care in its establishment of the safety program. Kemp v. Bechtel Constr. Co, 720 P.2d at 276. In the present case the contract provided for safety precautions which, pursuant to the above analysis were totally assumed by S & W. Further, exhibits and deposition testimony demonstrated that at the preconstruction conference S & W's safety program was discussed. Plaintiff has failed to present any facts indicating that Big Horn failed in its duty to establish a safety program.

The contract provisions in the present case are directly comparable to the contract provisions regarding safety responsibilities in Micheletto. In that case as well as in the

6

present case, the contract did not contain any provisions requiring the general contractor to be responsible for either initiating, maintaining or supervising safety programs as was present in Stepanek. As a result, in Micheletto, this Court agreed that a non-delegable duty based on contract was not assumed by the State and held that the District Court correctly concluded that the State as a general contractor did not have a non-delegable contractual duty to supervise the safety of the trenching operations by the Telephone Company. In a similar manner, in the present case, we conclude that the plaintiff has failed to present any genuine issues of material fact to support his contention that Big Horn had a non-delegable contractual duty to the plaintiff to supervise the operation of S & W, or that Big Horn breached a duty under § 50-71-201, MCA.

As a second contention, plaintiff urges that Big Horn retained control of the work performed by S & W, triggering an exception to the general rule of non-liability. Plaintiff's contention in regard to control is premised upon Restatement (Second) of Torts § 414, which provides:

> **§ 414. Negligence in Exercising Control Retained by Employer.**
> One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care.

In support of his contention that Big Horn reserved control of S

7

& W's work, plaintiff relies on a contract provision from Article II, "Construction," Section 6, "Supervision and Inspection," which provides:

> c. The manner of construction of the Project, and all materials and equipment therein, shall be subject to the inspection, tests, and approval of the Owner . . .

However, the contract language stating that the "manner of construction is subject to approval by the owner" does not create control of that part of the work. Comment (c) of § 414 describes the type of control contemplated by § 414:

> c. In order for the rule stated in this Section to apply, the employer must have retained at least some degree of control over the manner in which the work is done. It is not enough that he has merely a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations. Such a general right is usually reserved to employers, but it does not mean that the contractor is controlled as to his methods of work, or as to operative detail. There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way.

We conclude that the issue of control on the part of Big Horn is actually determined and controlled under our cases of Kemp v. Bechtel Constr. Co., and Micheletto. As we pointed out in Micheletto, with regard to control by the general contractor:

> In general we conclude that before liability is found on the basis of control by the general contractor, there must be a clear contractual provision which establishes that the general contractor has assumed the responsibility for initiating, maintaining and supervising safety precautions as was present in the Stepanek contract.

_Micheletto_, slip.op. at 11. In a manner similar to both _Kemp v. Bechtel Constr. Co._ and _Micheletto_, we conclude that in the present case, Big Horn had properly provided appropriate safety precautions in its contract with S & W. We further emphasize that the contractual provisions in this case contain no specific provision which obligates Big Horn to be responsible in any manner for initiating, maintaining or supervising safety precautions and programs as was contained in _Stepanek_ and referred to in both of the companion cases. We conclude here that Big Horn complied with its duty of reasonable care with regard to safety procedures. We hold that Big Horn complied with all contractual duties of reasonable care required under the contract and statutes, and that Big Horn did not negligently exercise control over the operations of S & W in the course of which the plaintiff was injured.

Plaintiff next contends that in the present case the work was inherently dangerous, creating vicarious liability on the part of Big Horn. We discussed the inherently dangerous exception at length in _Kemp v. Bechtel Constr. Co_, noting § 416 and § 427, Restatement (Second) of Torts, which provide:

> **§ 416. Work Dangerous in Absence of Special Precautions.**
> One who employs an independent contractor to do work which the employer should recognize as likely to create during its progress a peculiar risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the failure of the contractor to exercise reasonable care to take such precautions, even though the employer has provided for such precautions in the contract or otherwise.
>
> **§ 427. Negligence as to Danger Inherent in the Work.**

One who employs an independent contractor to do work involving a special danger to others which the employer knows or has reason to know to be inherent in or normal to the work, or which he contemplates or has reason to contemplate when making the contract, is subject to liability for physical harm caused to such others by the contractor's failure to take reasonable precautions against such danger.

In _Kemp v. Bechtel Constr. Co._, trenching was performed without the use of a trench box. The trench caved in, resulting in serious injury to a digger. In discussing plaintiff's contention that trenching is inherently dangerous, we stated:

In order for § 416 to apply the work must present "a peculiar risk . . . unless special precautions are taken." Section 427 is only applicable to work "involving a special danger . . . inherent in . . . the work." Here, the type of trenching contemplated in the subcontract presented no peculiar risk or inherent danger. Rather, the risk or danger arose out of a failure to use standard precautions.

_Kemp_, 720 P.2d at 275.

In the recent case of _Micheletto_, also a case of a trench cave-in, this Court followed the analysis and holding of _Kemp v. Bechtel Constr. Co._ and concluded that trenching is not an inherently dangerous activity. _Micheletto_, slip.op at 9. In a similar manner, in the present case, the use of the bucket on the High Ranger bucket lift was dangerous to the plaintiff because a safety belt was not used. Had this standard precaution been used, there would have been no extraordinary risk as the result of the use of the High Ranger bucket lift. In this case, the failure to attach the safety belt in the use of the

equipment is comparable to the failure to use trench box or other safety precautions in both <u>Kemp v. Bechtel Constr. Co.</u> and <u>Micheletto</u>. We conclude that under the facts in the present case, the work was not inherently dangerous.

We conclude that plaintiff failed to present any facts which would create a genuine issue of material fact in regard to the liability of Big Horn. Accordingly, we affirm the District Court's grant of summary judgment in favor of Big Horn.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

_____
Retired Justice L.C. Gulbrandson
sitting for Justice Sheehy

Justice R. C. McDonough concurs in the result of the foregoing opinion.

_____
Justice

11

Justice William E. Hunt, Sr., concurring in part and dissenting in part:

I concur with the portions of the Majority Opinion dealing with nondelegable duties based on contract and control. However, I dissent from the Majority's analysis regarding inherently dangerous activity.

The Majority holds that the use of an aerial lift bucket is not an inherently dangerous activity because standard precautions may be implemented to prevent the risks involved in using the bucket. However, for the reasons I pointed out in my dissents to Kemp v. Bechtel Constr. Co., 221 Mont. 519, 528-34, 720 P.2d 270, 276-80 (1986) and Micheletto v. State, No. 89-452, slip op. at 23-24 (Mont. Sept. 14, 1990), I disagree. The ability to lessen the dangers normally found in inherently dangerous activity through the use of ordinary safeguards does not change the basic character of the activity. If the nature of the activity is inherently dangerous, it remains inherently dangerous whether or not standard precautions may be taken to lessen the dangers normal to the activity.

Because the use of the aerial lift bucket constituted an inherently dangerous activity, defendant, as employer of the contracting firm, retained a nondelegable duty to furnish plaintiff with a safe place to work. Restatement (Second) of Torts §§ 416 and 427 (1977). Plaintiff, in his complaint and in his deposition, maintained that defendant failed to provide a safe place to work because the aerial lift bucket was not equipped with standard

12

safety devices to which he could attach his safety belt. By so alleging and testifying, plaintiff raised a material question of fact. He should be allowed to take his case to the jury.

I would reverse the District Court on this issue.

_William E. Hunt Sr._
Justice