No. 92-220

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

ANDREW CARL LONG,

Plaintiff and Appellant,

-vs-

MONTANA FOREST PRODUCTS,
a limited partnership,

Defendant and Respondent.

FILED

SEP 1 1992

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Robert J. Boyd, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Mark R. Sullivan, Attorney at Law, Whitefish,
Montana

For Respondent:

Ward E. Taleff and Lisa Swan Semansky, Alexander,
Baucus & Linnell, Great Falls, Montana


Submitted on Briefs:  August 6, 1992

Decided:  September 1, 1992

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Andrew Carl Long appeals from an order of the District Court for the Eleventh Judicial District, Flathead County, granting summary judgment to Montana Forest Products in this action for trespass. We affirm.

The issue is whether the District Court erred in granting summary judgment to the defendant.

Long and Montana Forest Products own adjoining land in Flathead County, Montana. While he was hauling logs from Montana Forest Products property, Fred Krause crossed Long's property, destroying some trees. This is the basis for the claim of trespass.

Summary judgment is proper when the pleadings, depositions, answers to interrogatories, admissions, and affidavits on file show there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), M.R.Civ.P. All of the evidence before the District Court at the time of Montana Forest Products' motion for summary judgment showed that Fred Krause was an independent contractor. His contract with Montana Forest Products, which was before the court, provided that he was responsible for building and maintaining all roads he deemed necessary in order to harvest and market the timber. There was nothing in the record to indicate that Montana Forest Products agreed to indemnify, accept responsibility for, or pay for damages

2

caused by Krause. It is established law in Montana that a person contracting with an independent contractor is not liable vicariously for the torts of the contractor. Kemp v. Big Horn County Elec. Co-op. (1990), 244 Mont. 437, 439, 798 P.2d 999, 1001.

Long argues that deposition testimony of James C. Morine and Charlene O'Neil raises material issues of fact which preclude summary judgment. However, he failed to file these depositions with the District Court. They therefore could not be considered for purposes of summary judgment.

We hold that the District Court did not err in granting summary judgment for Montana Forest Products. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

Affirmed.

_____
Chief Justice

3

We concur:

_____
Karla M. Gray

_____
Terry Trieweiler

_____
R. C. McDonough

_____
Justices

September 1, 1992

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


MARK R. SULLIVAN
Attorney at Law
6336 Highway 93 South
Whitefish, MT  59937

Ward E. Taleff
Lisa Swan Semansky
ALEXANDER, BAUCUS & LINNELL, P.C.
P.O. Box 2629
Great Falls, MT  59403

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy