62 F.3d 1433
 76 A.F.T.R.2d 95-5912
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Michael ROBINETT, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 95-5023.
 United States Court of Appeals, Federal Circuit.
 Aug. 10, 1995.
Rehearing Denied; Suggestion for Rehearing In Banc Declined
Nov. 8, 1995.
 
 Before MAYER, CLEVENGER and RADER Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-Appellant Michael Robinett seeks review of the September 22, 1994 judgment of the United States Court of Federal Claims, Docket No. 94-229T, dismissing his complaint for lack of jurisdiction. We affirm.
 
 
 2
 Robinett brought suit in the Court of Federal Claims on April 8, 1992. Robinett's complaint included claims dating from 1979 for overpayment of taxes, back wages, lost income, personal injury damages and expenses. Robinett claimed $101,644.85 for a refund for overpayment of taxes, $114,619,850.00 for lost income, and expenses, and $9,579,658,342.00 for personal injury damages.
 
 
 3
 On April 14, 1994, the Court of Federal Claims dismissed all of Robinett's claims, except the claim for refund for overpayment of taxes, for lack of jurisdiction. The Court of Federal Claims ordered Robinett to file a supplementary complaint describing the basis for his claim for refund. The Court of Federal Claims required Robinett to include copies of correspondence from the Internal Revenue Service (IRS) rejecting the specific claim for refund for which he sought relief.
 
 
 4
 On August 10, 1994, the Court of Federal Claims granted Robinett's motion for an extension of time until September 9, 1994 to file his supplemental complaint. On September 6, 1994, Robinett requested a second extension of time in order to "acquire access to the government documents ... covering federally funded human & animal experimentation ...." On September 16, 1994, the Court of Federal Claims denied Robinett's motion for a further extension of time. On September 22, 1994, the Court of Federal Claims dismissed Robinett's complaint, pursuant to the September 16 order denying the motion for extension of time.
 
 
 5
 This court reviews a dismissal of a complaint for lack of jurisdiction de novo. Transamerica Ins. Corp. v. United States, 973 F.2d 1572, 1576 (Fed. Cir. 1992).
 
 
 6
 Robinett argues that the Court of Federal Claims improperly dismissed his claims for back wages, lost income, expenses and personal injury damages. Below, Robinett argued that the Court of Federal Claims had jurisdiction under 45 C.F.R. part 46 (Protection of Human Subjects) (1995), the Occupational Safety and Health Act of 1970, 29 U.S.C. Sec. 651 et seq. (1988 & Supp. 1993) (OSHA) and the Constitution. On appeal, Robinett further argues that the Court of Federal Claims had jurisdiction under the National Childhood Vaccine Injury Act, 42 U.S.C. Sec. 300aa-1 (1988 & Supp. V 1993) (Vaccine Act) because he was injected with foreign material (micro-electronic identification tags, micro-electronic sensor and actuator devices, biological agents, radiological material, and "harassing or discrediting" chemical reagents or toxins). Robinett also claims that hydration and nutrition were removed by injection. We note that 45 C.F.R. part 46 and OSHA do not create any private right of action to recover damages. See, e.g., Crane v. Conoco, Inc., 41 F.3d 547, 553 (9th Cir. 1994). Robinett failed to allege any violation of a constitutional provision mandating the payment of money damages by the government. The Vaccine Act requires plaintiffs to show that they have been injured by vaccines listed on the vaccine table, something that Robinett does not even allege. Therefore, the Court of Federal Claims correctly held that Robinett's claims for back wages, lost income, expenses and personal injury damages were beyond its jurisdiction.
 
 
 7
 In order to invoke the jurisdiction of the Court of Federal Claims over a tax refund suit, the taxpayer must have made full payment of the outstanding liability. Flora v. United States, 362 U.S. 145, 177 (1960). Robinett argues that he provided the Court of Federal Claims with the IRS documentation required by the Court of Federal Claims in its April 14 order. Robinett points to correspondence from the IRS showing that he owed no taxes for the 1992 tax year. Actually, this is nothing more than a letter with respect to a single year, and contains no information with respect to any of the sixteen other tax years for which Robinett seeks a refund. Therefore, the Court of Federal Claims properly dismissed Robinett's claim for a refund of taxes.
 
 
 8
 Finally, we note that Robinett's claims, which date from 1979, are barred by the six year statute of limitations. 28 U.S.C. Sec. 2501 (1988 & Supp. V 1993).
 
 
 9
 No costs.