JUSTICE GRAY,
specially concurring.
I join in the Court’s opinion on all issues. I write separately in order to state that my concurrence in issue one of that opinion, relating to the applicability of the Scaffolding Act, is specifically limited to resolution of the issue as raised and argued by the parties.
*189 I am not convinced that either the plain language of, or the legislative intent underlying, the Scaffolding Act renders it applicable to the facts of the present case. The Act appears in the Montana Code Annotated as Chapter 77, entitled “Construction Site Health and Safety,” of Title 50. Sections 50-77-101 and 50-77-102, MCA, are at issue in this case. Section 50-77-101, MCA, specifically encompasses “[a]ll scaffolds erected in this state for use in the erection, repair, alteration, or removal of buildings. ...” Section 50-77-102, MCA, imposes the statutory duty on the person or entity having direct and immediate supervision or control “of the construction or remodeling of any building having more than three framed floors. ...”
It is not at all clear to me that painting a wall in a residence constitutes the “erection, repair, alteration, or removal” of a building under § 50-77-101, MCA. It is, at best, equally unclear that the wall-painting project constitutes the “construction or remodeling of [a] building having more than three framed floors” under § 50-77-102, MCA. Moreover, our cases addressing the Scaffolding Act involve factual scenarios such as the construction of an automobile dealership building, the construction of a multi-purpose recreational facility, and the exterior renovation of a bank building. See, e.g., Mydlarz v. Palmer / Duncan Const. Co. (1984), 209 Mont. 325, 682 P.2d 695; Stepanek v. Kober Const. (1981), 191 Mont. 430, 625 P.2d 51; State ex rel. Great Falls Nat. Bank v. District Court (1969), 154 Mont. 336, 463 P.2d 326.
This threshold issue relating to the applicability of the Scaffolding Act was not raised in the District Court and is not before us on appeal; thus, we may not properly address it. Nor do my statements here express a view that the Act does not apply to these facts. I raise the issue only to indicate that my agreement with both the analysis and the result of the Court’s opinion on the issue raised regarding applicability of the Act is tempered by discomfort that the threshold — and, at least, potentially dispositive — issue cannot be addressed here.