CHIEF JUSTICE TURNAGE,
dissenting:
I join in Justice Erdmann’s dissent on Issue 2. I also respectfully dissent from the majority opinion on Issue 3.
The majority has interpreted Montana’s Safety Act as creating a duty on the part of the defendants and respondents to take steps to prevent psychological harm from incidents in the workplace. This interpretation stretches the Act far beyond the legitimate purposes for which it was enacted, with no citation to legislative history or case law as support for that extension. The absence of such citation is quite understandable, as none exists.
The Montana Safety Act was adopted in 1969. Discussion by advocates and legislators at the hearings on the bill centered around the need for employers to provide employees with safety equipment such as hard hats and boots. See Minutes of House Public Health, Welfare and Safety Committee, February 4,1969; Minutes of Senate State Administration Committee, February 24, 1969. When the Act was amended in 1991 to, inter alia, exclude a requirement that employers provide protective footwear for employees, it was again discussed at legislative hearings as a safeguard requiring employers to provide safety equipment for employees. See Minutes of House Labor and Employment Relations Committee, February 21, 1991; Minutes of Senate Labor and Employment Relations Committee, March 12, 1991.
*83 The cases citing the Act, too, have involved the duty to protect from physical injury. See, e.g., Hondo v. PPG Industries, Inc. (1989) 236 Mont. 493, 771 P.2d 956 (worker became ill from paint fumes); Kemp v. Bechtel Const. Co. (1986), 221 Mont. 519, 720 P.2d 270 (worker injured in ditch cave-in); Cain v. Stevenson (1985), 218 Mont. 101, 706 P.2d 128 (worker fell on slippery cinder block “step” at exit from building under construction); Stepanek v. Kober Const. (1981), 191 Mont. 430, 625 P.2d 51 (worker fell from scaffolding); Reynolds v. Burlington N. (1980), 190 Mont. 383, 621 P.2d 1028 (runaway railway cars struck worker); Shannon v. Howard S. Wright Const. Co. (1979), 181 Mont. 269, 593 P.2d 438 (worker fell from ladder).
Expanding the Montana Safety Act to require employers to provide training, supervision, treatment, and debriefing to protect workers from on-the-job psychological harm may be a valid subject for discussion among the peoples’ elected representatives in Montana’s legislature. In my view, however, it is not appropriate for accomplishment by judicial fiat, as the majority does here. I respectfully dissent.