Catherine L. BIDDLE, Plaintiff—
Appellant,

v.

FRED MEYER STORES; Kroger Co.;
Smiths Food & Drug Centers, Inc.,
Defendants—Appellees.

No. 01–36084.

D.C. No. CV–01–00400–HO.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 15, 2002.

Before SCHROEDER, Chief Judge,
TASHIMA and RAWLINSON, Circuit
Judges.

MEMORANDUM **

Catherine L. Biddle appeals the district
court's dismissal of her amended complaint
alleging violations of Title VII of the Civil
Rights Act of 1964 ("Title VII"), the Age
Discrimination in Employment Act
("ADEA"), the Americans with Disabilities
Act ("ADA"), the Occupational Safety and
Health Act ("OSHA"), the Fair Labor
Standards Act ("FLSA"), and various state
law claims. We have jurisdiction pursuant
to 28 U.S.C. § 1291, and review de novo
the district court's dismissal for failure to
state a claim and for lack of personal
jurisdiction. *EEOC v. Farmer Bros. Co.*,
31 F.3d 891, 899 (9th Cir.1994); *Sher v.
Johnson*, 911 F.2d 1357, 1360 (9th Cir.

1990). We review for abuse of discretion
the court's decision not to exercise supple-
mental jurisdiction. *Binder v. Gillespie*,
184 F.3d 1059, 1066 (9th Cir.1999). We
affirm.

The district court properly dismissed
Smiths Food & Drug Corp. and Kroger
Co. for lack of personal jurisdiction be-
cause Biddle failed to demonstrate that
they have sufficient minimum contacts in
Oregon. *See Gray & Co. v. Firstenberg
Machinery Co., Inc.*, 913 F.2d 758, 760
(9th Cir.1990). She points to no evidence
on appeal showing that her claims arose
out of defendants' activities in Oregon or
that they purposefully availed themselves
of the privilege of conducting business in
Oregon. *See Shute v. Carnival Cruise
Lines*, 897 F.2d 377, 380 (9th Cir.1990).

The district court properly dismissed
Biddle's claims against Fred Meyer Stores
for failure to state a claim. Biddle did not
exhaust administrative remedies with re-
spect to the Title VII claim. *See Farmer
Bros.*, 31 F.3d at 899. She did not file the
ADA and ADEA claims within 90 days
after receiving the right-to-sue letter. *See*
42 U.S.C. § 2000e–5(f)(1); *Scholar v. Pa-
cific Bell*, 963 F.2d 264, 267–68 (9th Cir.
1992). There is no private right of action
to enforce the provisions of OSHA. *See* 29
U.S.C. § 653(b)(4); *Crane v. Conoco, Inc.*,
41 F.3d 547, 553 (9th Cir.1994). The dis-
trict court dismissed the FLSA claim for
failure to state a claim. Biddle does not
point on appeal to any allegations in her
amended complaint which could sustain a
FLSA claim.

The district court did not abuse its dis-
cretion in declining to exercise supplemen-
tal jurisdiction over the state law claims
after dismissing all federal claims. *See* 28
U.S.C. § 1367(c)(3).

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

The district court properly dismissed the amended complaint with prejudice because amendment would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

We **GRANT IN PART AND DENY IN PART** appellees' Motion to Strike Portions of Appellant's Reply Brief and Attachments. It is not necessary to strike arguments from Biddle's reply brief that were not raised before the district court because we do not consider them. *United States v. Carlson*, 900 F.2d 1346, 1349 (9th Cir. 1990). We strike exhibits designated by Attachments B and C of appellee's motion because they contain evidence not presented to the district court. *Kirshner v. Uniden Corp. of America*, 842 F.2d 1074, 1077 (9th Cir.1988).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Saavedra–Lopez's request for oral argument.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.