**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| WENDY THOMAS; SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 721; <br> *Plaintiffs-Appellants/ Cross-Appellees*, <br><br> v. <br><br> COUNTY OF RIVERSIDE; LARRY GROTEFEND, individually; DENNIS ERICK SCHERTELL, individually; RICK HALL, individually; BRIAN MCARTHUR, individually; HEATHER WOODS, individually; MARGIE GEMENDE, individually; <br> *Defendants-Appellees/ Cross-Appellants*. | Nos. 12-55470 <br> 12-55812 <br><br> D.C. No. <br> 5:10-CV-01846-VAP-DTB <br><br><br> OPINION |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted
January 10, 2014—Pasadena, California

Filed August 18, 2014

Before: Alex Kozinski, Chief Judge, Richard R. Clifton, Circuit Judge, and Jed S. Rakoff, Senior District Judge.[*]

Per Curiam Opinion

---

## SUMMARY[**]

---

### Civil Rights

The panel affirmed in part and reversed in part the district court's summary judgment and remanded in an action brought by an employee and her union alleging that the employee was retaliated against in violation of her First Amendment rights.

The panel held, in part, that the district court erred by dismissing as trivial evidence of multiple adverse employment actions. The panel determined that a reasonable juror might find that the actions, even if viewed in isolation, could deter protected speech and there was evidence suggesting that the actions were taken as part of a more general campaign and might in context have greater materiality than when viewed in isolation.

---

[*] The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel held that although defendants offered various non-retaliatory business justifications for the employee's workplace transfers, plaintiffs adduced evidence that these transfers came shortly after the employee's acts of speech, that the employer had expressed opposition to that speech, and that the business justifications were pretextual. The panel also held that plaintiffs presented a genuine factual dispute as to whether an internal investigation was retaliatory. The panel held that the district court erred in determining that the defendant County was not subject to liability under *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 694 (1978).

The panel affirmed the district court's summary judgment as to two other internal investigations and as to an inquiry about the possibility of limiting the employee's release time. Finally, the panel dismissed as moot defendants' cross-appeal from the district court's denial of attorneys' fees.

## COUNSEL

Alan Crowley (argued), Vincent A. Harrington, Jr. and Gary P. Provencher, Weinberg, Roger & Rosenfeld, Alameda, California, for Plaintiffs-Appellants/Cross-Appellees.

Edward P. Zappia (argued) and Anna Zappia, The Zappia Law Firm, Los Angeles, California, for Defendants-Appellees/Cross-Appellants.

## OPINION

PER CURIAM:

Plaintiffs Wendy Thomas and her labor union appeal the grant of summary judgment on their First Amendment retaliation claims, and defendants cross-appeal a later order denying them attorneys' fees. We review the grant of summary judgment de novo, *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994), and the denial of attorneys' fees for abuse of discretion, *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1059 (9th Cir. 2006).

On summary judgment in a First Amendment retaliation case, a plaintiff must provide evidence of materially adverse employment actions that are "reasonably likely to deter" protected speech. *Coszalter v. City of Salem*, 320 F.3d 968, 976 (9th Cir. 2003). Thomas adduced evidence of more than 30 adverse employment actions, but the district court dismissed all of them, analyzing nine in some detail and collectively dismissing the rest as "petty workplace gripes . . . [that] do not rise to the level of retaliatory adverse employment actions."

Adverse employment actions that are so trivial as to be legally insufficient "include only minor acts, such as 'bad-mouthing,' that cannot reasonably be expected to deter protected speech." *Coszalter*, 320 F.3d at 976. Among the actions the district court dismissed as trivial were, *e.g.*: removing Thomas from a community college teaching assignment, costing her some $9,000 per year; prohibiting Thomas from using break time to travel between work sites, thereby requiring her to use unpaid time for work travel; rescinding a previously approved vacation; and removing

Thomas from an unpaid position with the Uniform Committee. A reasonable juror might well find that these actions, even if viewed in isolation, could deter protected speech. Even the removal from the unpaid committee, which might at first blush appear trivial, might in context be more egregious. As the Supreme Court has recognized, "to retaliate by excluding an employee from a weekly training lunch that contributes significantly to the employee's professional advancement might well deter a reasonable employee from complaining about discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 69 (2006). Moreover, as we have stated, "[d]epending on the circumstances, even minor acts of retaliation can infringe on an employee's First Amendment rights." *Coszalter*, 320 F.3d at 975. And here there was evidence suggesting that some of these actions were taken as part of a more general campaign and hence might in context have greater materiality than when viewed in isolation. Thus, at a minimum, this case must be remanded so that the district court can evaluate on a more detailed basis the incidents that it dismissed collectively as "petty workplace gripes."

Of the remaining nine incidents, all of which the district court did discuss in detail, two — a car-moving incident and an involuntary transfer in April 2009 — are not raised on appeal. A third incident, an inquiry about the possibility of limiting Thomas's release time, was correctly dismissed by the district court as unsupported. But there were six others — three involuntary transfers and three internal investigations — that the district court properly referred to as "archetypal adverse employment actions" but still dismissed. Four of these six should have survived summary judgment.

First Amendment retaliation cases are governed by *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977), which provides that, once a plaintiff makes a showing that protected speech was a "substantial" or "motivating" factor in the employer's taking a non-trivial adverse employment action, defendants can "escape liability only by sustaining the burden of proving 'by a preponderance of the evidence that [they] would have reached the same decision . . . even in the absence of the [plaintiff's] protected conduct.' " *Allen v. Iranon*, 283 F.3d 1070, 1074 (9th Cir. 2002) (quoting *Mt. Healthy*, 429 U.S. at 287).

Plaintiffs carried their burden of production sufficient to survive summary judgment as to the three involuntary transfers: the transfer from Dispatch Training Unit Supervisor to Course Coordinator in February 2010, the transfer back to Dispatch Floor Supervisor in November 2010, and the transfer from graveyard to day shift in 2011. Although defendants offered various non-retaliatory business justifications for these transfers, Thomas adduced evidence that these transfers came shortly after her acts of speech, that her employer had expressed opposition to that speech, and that the business justifications were pretextual. Any one of these showings, let alone all three, is sufficient to survive summary judgment if it presents a genuine factual dispute. *See Coszalter*, 320 F.3d at 977.

The three internal affairs investigations are more mixed. The first investigation was initiated by the serious accusations against Thomas contained in Spargur's resignation letter. But the defendants establish beyond dispute that they would have launched this investigation even absent Thomas's union activity. Spargur's letter included grave accusations and graphic details. She said that Thomas and other County

employees fabricated negative performance reviews to push Spargur out of her job, which caused her panic attacks, heart problems, and even a miscarriage. And while the charges against Thomas proved unfounded, not all Spargur's claims were baseless: charges were sustained against one of Thomas's co-workers. The second investigation was initiated in response to an undisputed violation of department policy (Thomas improperly accessing and removing files) and the district court correctly found that there was no plausible inference of retaliation here to create a triable issue of fact for a jury.

The third internal investigation, by contrast, does present a genuine factual dispute. Woods, Thomas's supervisor who initiated this investigation for "rude and discourteous" emails, conceded that there was no word or phrase in the emails that violated Department policy, but instead objected to the underlying "tone" of the emails. This supposed justification for the investigation was sufficiently thin and subjective that a reasonable juror might, particularly in light of Thomas's other allegations, find that the supposed justification was in fact pretextual.

Although urged by defendants to address qualified immunity in the first instance on appeal because it was not reached below, we decline to do so, in favor of the district court doing so upon remand, for defendants Grotefend, Schertell, Hall, and Woods. For defendants Gemende and McArthur, however, we see no plausible allegation that these individuals, who did not supervise or have authority over Thomas, could have committed an adverse employment action. Accordingly, the grant of summary judgment as to Gemende and McArthur is affirmed, though the case will be remanded as to all other defendants.

In this regard, the district court also erred in determining that the defendant County was not subject to *Monell* liability. The district court recited the correct standard for determining *Monell* liability, which is that it may attach when an employee is acting pursuant to an expressly adopted official policy, longstanding practice or custom, or as a final policymaker. *See Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 694 (1978); *see also Webb v. Sloan*, 330 F.3d 1158, 1164 (9th Cir. 2003). Plaintiffs relied on the third option, that there was a delegation of final policymaking authority to the Sheriff's Department employees who allegedly retaliated against Thomas.

The district court concluded that Thomas "presents no evidence whatsoever in support of this allegation," but in fact Thomas did attach as the fourth exhibit to her February 6, 2012 declaration a copy of a Riverside County Policy Number C-23 entitled "Disciplinary Process Policy" that creates County-wide discipline policies but states on its second page: "The Sheriff's Department is exempt from this policy, except that under no circumstances may the Sheriff's disciplinary policies be less strict than the County's general disciplinary policies." Whether this policy constitutes a delegation of policymaking authority to the Department such that the actions of Sheriff Sniff (not himself an individual defendant) or others below him could result in *Monell* liability for the County is a factual determination that we do not make. But since the order granting summary judgment was premised on the erroneous belief that Thomas had presented no evidence to support the possibility of *Monell* liability under a final policymaker theory, it was in error. *See, e.g.*, *Ulrich v. City & Cnty. of S.F.*, 308 F.3d 968, 986 (9th Cir. 2002) (reversing grant of summary judgment to municipal defendant and remanding for consideration of

whether there was a delegation of final policymaking authority). Thus, this too will require re-evaluation on remand.

Finally, defendants cross-appeal the lower court's denial of attorneys' fees. In light of the foregoing, this cross-appeal is now moot.[1]

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**

---

[1] It is unclear whether defendants are also cross-appealing the district court's determination that the labor union local had standing, but to the extent that they are, the district court's finding of standing is affirmed.