

FILED

NOT FOR PUBLICATION

JUN 17 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEANNA SMITH, individual and as the mother of CR, a minor,<br><br>       Plaintiff - Appellant,<br><br>  v.<br><br>BANNER HEALTH SYSTEMS, a foreign nonprofit corporation, DBA Banner Desert Medical Center; et al.,<br><br>       Defendants - Appellees. | No. 13-15413<br><br>D.C. No. 2:10-cv-01632-FJM<br><br><br>MEMORANDUM[*] |
| LEANNA SMITH, individual and as the mother of CR, a minor,<br><br>       Plaintiff - Appellant,<br><br>KEITH MARION KNOWLTON and KEITH M. KNOWLTON LLC,<br><br>       Appellants,<br><br>  v.<br><br>BANNER HEALTH SYSTEMS, a foreign nonprofit corporation, DBA Banner Desert | No. 13-16422<br><br>D.C. No. 2:10-cv-01632-FJM |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Medical Center; et al.,

              Defendants - Appellees.

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, Senior District Judge, Presiding

Argued and Submitted April 17, 2015
San Francisco, California

Before: SCHROEDER and N.R. SMITH, Circuit Judges and GLEASON,[**] District Judge.

      Smith appeals from the district court's order granting summary judgment in favor of defendants Banner Health Systems and its employee Dr. Scott Elton (collectively "Banner"), and the order granting summary judgment in favor of the State of Arizona, the Arizona Department of Economic Security, Arizona Child Protective Services, and state employees Bonnie Brown, Tammy Hamilton-MacAlpine, and Laura Pederson. Consolidated with these appeals is an appeal of the district court's order awarding fees to Banner Health under 42 U.S.C. § 1988 and imposing sanctions against Smith and her counsel pursuant to Federal Rule of Civil Procedure 37 and 28 U.S.C. § 1927. We have jurisdiction under 28 U.S.C. § 1291 and we affirm in part, vacate in part, and remand.

---

[**]    The Honorable Sharon L. Gleason, District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

2

1. Smith challenges the grant of summary judgment to Banner, asserting that the district court violated Federal Rule of Civil Procedure 56(f) by failing to provide her with notice and an opportunity to respond prior to granting summary judgment on grounds not raised by Banner. Smith brought two claims against Banner.

The first claim, brought under state law, alleged that Banner had intentionally interfered with Smith's custody of CR (Smith's daughter). We review grants of summary judgment de novo. *Thomas v. Cnty. of Riverside*, 763 F.3d 1167, 1168 (9th Cir. 2014). On summary judgment, Banner asserted it was immune from liability on the state law claim pursuant to Arizona's mandatory reporting statute. *See* Ariz. Rev. Stat. § 13-3620(J). Banner also asserted that Smith was collaterally estopped from arguing that Banner acted with malice toward Smith (which would defeat its statutory immunity on this claim) because the Maricopa County Juvenile Court had found that Smith abused CR. The district court did not rely on collateral estoppel in granting summary judgment to Banner on this claim. Instead, it found that Smith had not adequately demonstrated malice on the part of Banner to overcome the statutory immunity. But because Banner's collateral estoppel argument challenged the adequacy of Smith's showing of malice, Smith had notice that the sufficiency of that showing was at issue on

3

summary judgment. Therefore, the district court did not violate Rule 56(f) when it granted summary judgment to Banner on the state law claim on that basis. We further agree with the district court that Smith did not meet her burden of demonstrating malice necessary to overcome Banner's statutory immunity and accordingly affirm the district court's grant of summary judgment to Banner as to Smith's state-law claim.

2. Smith's second claim against Banner was brought under 42 U.S.C. § 1983 and alleged the abridgment of Smith's constitutional right to custody of CR. On this claim, the district court applied collateral estoppel and concluded that the juvenile court had established Smith's abuse of CR, that the finding should be accorded collateral estoppel effect, and that consequently Smith could not show that her constitutional right to custody of CR had been violated when Banner allegedly interfered with her rights. Because Banner raised the collateral estoppel issue on summary judgment, the district court did not violate Rule 56(f) when it granted summary judgment on that ground.

3. Smith challenges the district court's application of collateral estoppel to the findings of the juvenile court on summary judgment. The district court granted summary judgment after concluding, based on the juvenile court's findings as to Smith's treatment of CR, that the state had a compelling interest in CR's welfare

4

that permitted it to lawfully interfere with Smith's custody of CR. Consequently, the district court concluded that Smith had failed to establish that her constitutional right to custody of CR was violated by Banner.

"In determining the preclusive effect of a state-court judgment, [the district court] must 'refer to the preclusion law of the State in which judgment was rendered.'" *Diruzza v. Cnty. of Tehama*, 323 F.3d 1147, 1152 (9th Cir. 2003) (quoting *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985)). Under Arizona law:

> Collateral estoppel, or issue preclusion, binds a party to a decision on an issue litigated in a previous lawsuit if the following factors are satisfied: (1) the issue was actually litigated in the previous proceeding, (2) the parties had a full and fair opportunity and motive to litigate the issue, (3) a valid and final decision on the merits was entered, (4) resolution of the issue was essential to the decision, and (5) there is common identity of the parties.

*Campbell v. SZL Props., Ltd.*, 62 P.3d 966, 968 (Ariz. Ct. App. 2003).[1] A final judgment is "any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." *Elia v. Pifer*, 977 P.2d 796, 803 (Ariz. Ct. App. 1998) (quoting Restatement (Second) of Judgments § 13 (1982)).

---

[1] Here, where collateral estoppel is applied defensively, the "common identity" element is not required. *Id.*

Smith argues that the juvenile court orders are not sufficiently final to warrant giving them collateral estoppel effect. However, Smith concedes in her briefing that three of the juvenile court orders were sufficiently final to be accorded collateral estoppel effect, including an order dated May 19, 2010. In that order, the juvenile court made factual findings as to the connection between Smith's continued custody of CR and CR's prior life-threatening medical events. It further noted that Smith "presented no expert testimony to rebut Dr. Bursch's testimony or to support her position that she does not pose a threat to [CR]." Under the particular factual circumstances presented, the district court did not err by applying collateral estoppel to these findings. We find unpersuasive Smith's alternative arguments that it is unjust to apply collateral estoppel to juvenile court proceedings and that the dismissal of CR's termination proceedings should preclude collateral estoppel. Accordingly, we affirm the district court's grant of summary judgment to Banner.

4. Smith asserts that the district court erred in granting summary judgment to the State of Arizona and its departments because she seeks to hold them liable in respondeat superior for the actions of various state employees. But a respondeat superior theory of liability does not overcome the State of Arizona's Eleventh Amendment immunity from suit for damages in federal court. *See Hans v.*

6

*Louisiana*, 134 U.S. 1, 15 (1890); *Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 250 (9th Cir. 1992) ("[I]t is clear that the Eleventh Amendment prohibits actions for damages against state agencies when Congress has failed to express a contrary intent."). Accordingly, the grant of summary judgment as to those parties is affirmed.

5. Smith challenges the grant of summary judgment to Bonnie Brown and Tammy Hamilton-MacAlpine, employees of Arizona Child Protective Services. Smith alleges that Brown and Hamilton-MacAlpine received exculpatory facts as to Smith's treatment of CR from a Tempe Police detective but failed to provide that information to the juvenile court during CR's dependency proceedings. But Smith's evidence establishes only that Hamilton-MacAlpine was aware that no criminal charges would be filed against Smith, and does not establish any knowledge by Brown of the Tempe Police investigation's findings. Accordingly, we agree with the district court's conclusion that Smith has not demonstrated a genuine dispute of material fact as to whether "either Brown or MacAlpine had the knowledge and opportunity to correct allegedly false statements contained in the dependency petition." Therefore, we affirm the grant of summary judgment as to these parties.

6. Smith challenges the grant of summary judgment to CPS investigator Laura Pederson on immunity grounds. The district court held that Pederson was entitled to quasi-prosecutorial immunity for decisions related to the institution of dependency proceedings for CR. We have held that social workers are absolutely immune from § 1983 claims related to the decision to institute dependency proceedings, but have also held that social workers "are not entitled to absolute immunity from claims that they fabricated evidence during an investigation or made false statements in a dependency petition affidavit that they signed under penalty of perjury." *Beltran v. Santa Clara Cnty.*, 514 F.3d 906, 908 (9th Cir. 2008) (en banc). Smith asserts that a series of factual statements in CR's dependency petition were false and were derived directly from Pederson's investigative reports. Smith asserts that as a result, Pederson is not entitled to immunity from claims stemming from the decision to institute dependency proceedings. But CPS's certification of facts to the juvenile court under penalty of perjury was made by Pederson's supervisor, not Pederson. And there is no suggestion in the record before us that CPS's factual statements reflect anything other than its good-faith understanding of the facts at the time the petition was filed. Accordingly, we hold that Pederson is entitled to quasi-prosecutorial

immunity as to claims arising from the decision to institute dependency proceedings for CR.

The district court further held that Pederson was entitled to qualified immunity as to her investigatory conduct on CR's case. A state official is entitled to immunity from suits brought pursuant to § 1983 unless (1) "the facts, when taken in the light most favorable to Plaintiff[], show that Defendant['s] conduct violated a constitutional right," and (2) "the constitutional right at issue is 'clearly established.'" *Torres v. City of Los Angeles*, 548 F.3d 1197, 1210 (9th Cir. 2008) (citation omitted). The heart of Smith's challenge here rests on Smith's assertions that after CR was initially taken into the State's custody, Pederson failed to follow up on information provided by Smith or otherwise look for exculpatory evidence that would favor returning CR to Smith's custody and that triable issues of fact exist as to whether continued investigation would have required CR's return. Smith misapprehends the qualified immunity inquiry. To circumvent qualified immunity, Smith must show that a reasonable CPS worker would have understood that her alleged failure to further investigate CR's case violated Smith's clearly established *federal* rights. *Saucier v. Katz*, 533 U.S. 194, 202 (2001), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009). Smith points to no such federal right—in fact, authority supports the opposite position. *See Tsao v.*

9

*Desert Palace, Inc.*, 698 F.3d 1128, 1147 (9th Cir. 2012) ("While an officer may not ignore exculpatory evidence that would negate a finding of probable cause, '[o]nce probable cause is established, an officer is under no duty to investigate further or to look for additional evidence which may exculpate the accused.'") (quoting *Broam v. Bogan*, 320 F.3d 1023, 1032 (9th Cir. 2003) (alteration in original)). And to the extent Smith challenges the propriety of the district court, rather than a jury, evaluating whether Pederson reasonably believed that probable cause existed that CR was in danger, that was not error. *See Act Up!/Portland v. Bagley*, 988 F.2d 868, 873 (9th Cir. 1993) (when applying qualified immunity analysis on summary judgment, the "determination of whether the facts alleged could support a reasonable belief in the existence of probable cause . . . [is] a question of law to be determined by the court"). Accordingly, we affirm the district court's grant of summary judgment to Pederson.

7. Smith challenges the district court's award of $50,402.50 in attorney's fees to Banner as a prevailing party pursuant to 42 U.S.C. § 1988. We review decisions determining the legal right to attorney's fees under 42 U.S.C. § 1988 de novo. *Chaudhry v. City of L.A.*, 751 F.3d 1096, 1110 (9th Cir. 2014). Fees may be awarded to a defendant if a plaintiff continued to litigate a § 1983 claim after it became clear the claim was frivolous, unreasonable, or groundless. *Christiansburg*

10

*Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978).  The district court awarded fees to defray the expenses that Banner incurred litigating Smith's post-summary judgment motions.  Smith's motions included a motion for reconsideration that also sought relief under Federal Rules of Civil Procedure 59 and 60—rules which were inapposite but necessitated a response from Banner.  Smith also sought to conduct additional discovery from Banner in support of her motion for reconsideration and other relief.  These motions were unreasonable.  Accordingly, we affirm the district court's award of fees related to these motions under 42 U.S.C. § 1988.

8. Smith and her counsel challenge the imposition of $33,588 in Rule 37 sanctions against them jointly and severally.  We review the awarding of fees pursuant to Rule 37 for abuse of discretion.  *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981).  The district court did not abuse its discretion by concluding that Smith and her counsel violated its scheduling and discovery orders by failing to diligently attempt to obtain records from the juvenile court and failing to properly comply with Rule 26 disclosure requirements.  Such conduct is sanctionable under Rule 37.  And we hold the district court's limited findings in support of its sanction were not error where Rule 37 and the law of this circuit do

11

not require more.  Accordingly, we affirm the district court's imposition of Rule 37 sanctions against Smith and her counsel.

9. Smith's counsel challenges the imposition of 28 U.S.C. § 1927 sanctions against him in part due to the failure of the district court to grant his request for oral argument prior to entering its order.  Sanctions imposed pursuant to 28 U.S.C. § 1927 are "reviewable for abuse of discretion." *United States v. Assoc. Convalescent Enters., Inc.*, 766 F.2d 1342, 1345 (9th Cir. 1985) (internal citation omitted).  Notice and an opportunity to be heard should be provided before sanctions are imposed under § 1927.  *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 638 (9th Cir. 1987).  Granting a request for oral argument ensures "that: (1) the attorneys will have an opportunity to prepare a defense and to explain their questionable conduct at a hearing; (2) the judge will have time to consider the severity and propriety of the proposed sanction in light of the attorneys' explanation for their conduct; and (3) the facts supporting the sanction will appear in the record, facilitating appellate review." *Miranda v. S. Pac. Trans. Co.*, 710 F.2d 516, 522-23 (9th Cir. 1984); *see also Malhiot v. S. Cal. Retail Clerks Union*, 735 F.2d 1133, 1138–39 (9th Cir. 1984) (Boochever, J., dissenting).  Counsel's request for oral argument was made in conformance with the District of Arizona local rules by including the phrase "oral argument

requested" in the caption of his response brief. *See* Ariz. LRCiv. 7.2(f). In light of the significant sanction imposed, the different judges that presided in this matter, and the particulars of this action and related actions known to the district court, we hold that the district court abused its discretion when it failed to grant the request for oral argument prior to imposing 28 U.S.C. § 1927 sanctions. Accordingly, we vacate the sanctions imposed upon Smith's counsel pursuant to that statute and remand to the district court for oral argument.[2]

AFFIRMED IN PART, VACATED IN PART, and REMANDED.

Each party shall bear its own costs.

---

[2] We therefore need not reach counsel's challenge to the district court's factual findings in support of the sanctions.