**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROD EDWARDS, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> MULTNOMAH COUNTY SHERIFF DEPARTMENT; JENNIFER OTT; TIM MOORE; JASON GATES; DANIEL STATON, <br><br> Defendants-Appellees. | No.  16-35566 <br><br> D.C. No. 3:14-cv-00531-AC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted May 11, 2018[**]
Portland, Oregon

Before:  RAWLINSON and CHRISTEN, Circuit Judges, and BLOCK,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

Plaintiff-Appellant Rod Edwards (Edwards) appeals the district court's grant of summary judgment in favor of Defendants-Appellees Multnomah County Sheriff Department (MCSO), Sheriff Daniel Staton (Staton), Director of Human Resources Jennifer Ott (Ott), Under Sheriff Tim Moore (Moore), and Chief Deputy Jason Gates (Gates). Edwards, a Sergeant with MCSO, applied for, but did not receive, a promotion to lieutenant in 2012. Edwards subsequently filed an action pursuant to 42 U.S.C. § 1983, alleging that, in retaliation for Edwards's separate lawsuit against MCSO in 2003, MCSO officials intentionally misapplied a disabled veteran's preference to which Edwards was entitled during the 2012 promotional process. Edwards asserts on appeal that a genuine issue of material fact remains as to whether MCSO officials failed to afford Edwards the veteran's preference in retaliation for his engagement in protected speech (filing the prior lawsuit). We review the district court's decision to grant summary judgment *de novo*, and affirm. *See Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1056 (9th Cir. 2013).

To establish a *prima facie* case of retaliation on the basis of protected speech, a plaintiff must demonstrate "that (1) he spoke on a matter of public concern, (2) he spoke as a private citizen rather than a public employee, and (3) the relevant speech was a substantial or motivating factor in the adverse employment action." *Kennedy v. Bremerton Sch. Dist.*, 869 F.3d 813, 822 (9th Cir. 2017).

2

Only the third requirement, whether Edwards's speech was a substantial or motivating factor in the adverse employment action, is at issue.

"To establish that retaliation was a substantial or motivating factor behind an adverse employment action, a plaintiff may introduce evidence that (1) the speech and adverse action were proximate in time, such that a jury could infer that the action took place in retaliation for the speech; (2) the employer expressed opposition to the speech, either to the speaker or to others; or (3) the proffered explanations for the adverse action were false and pretextual. . . ." *Ellins*, 710 F.3d at 1062 (citation omitted).

The length of time between Edwards's speech and the misapplication of his veteran's preference does not raise a material issue of fact regarding retaliation. *Cf. Ellins*, 710 F.3d at 1062-63 (addressing a "four-to-five month period"). Approximately nine years passed between the initiation of Edwards's prior lawsuit in 2003 and his candidacy for promotion in 2012. During this period, Edwards received the benefit of favorable employment decisions: he applied for and received a promotion to sergeant in 2005 and applied for and received a transfer to the River Patrol Unit in 2010. *Cf. Flores v. City of Westminster*, 873 F.3d 739, 750 (9th Cir. 2017) ("[E]vidence of a series of adverse employment decisions over the course of several years may itself be probative of the elusive

3

factual question of intent. . . .") (citation, alterations, and internal quotation marks omitted).

Edwards also failed to raise a material issue of fact regarding MCSO officials' opposition to his speech. Staton, who made the ultimate promotion decision, did not know of Edwards's prior lawsuit, and Edwards points to nothing in the record to indicate that Ott, Moore, or Gates were influenced by the prior lawsuit. *Cf. Ellins*, 710 F.3d at 1063. Thus, Edwards failed to raise a genuine issue of material fact as to whether MCSO officials retaliated against him because of the lawsuit. *See Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2004), *as amended* (requiring the showing of a causal link).

Finally, Edwards did not raise a material issue of fact regarding pretext. Ott explained that application of the veteran's preference, though ultimately in violation of Oregon's requirements, was done in an attempt to better tailor the promotional process to the particular position. Edwards was considered the top candidate going into each stage of the interview process. Edwards points to nothing in the record to undermine or contradict this explanation. *Cf. Thomas v. Cty. of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014) (observing that a genuine issue of material fact existed where the "supposed justification for the [challenged] investigation was sufficiently thin and subjective that a reasonable juror might,

4

particularly in light of [the plaintiff's] other allegations, find that the supposed justification was in fact pretextual"), *amended*, 776 F.3d 1020 (9th Cir. 2015).

**AFFIRMED.**